**FILED**

JUL 27 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| KELLY D. WORTHAN, | ) | CV 11-48-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN SAM LAW; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner Kelly Worthan applied for a writ of habeas corpus under 28 U.S.C. § 2254. Worthan is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in

this matter on May 6, 2011, recommending the Court dismiss Worthan's petition on the merits and that a certificate of appealability should be denied.

Petitioner was granted two extensions of time to file objections. June 28, 2011, Worthan filed objections to Judge Lynch's Findings and Recommendation. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Worthan also moves the Court to appoint him counsel and to schedule an evidentiary hearing.

The basis of Worthan's claims stem from comments made by the prosecution during closing arguments. Worthan argues the prosecution impermissibly shifted the burden to him. This allegation forms the basis of his claims of prosecutorial misconduct, ineffective assistance of counsel for failure to move for mistrial, and ineffective assistance of appellate counsel for failure to raise the issue.

Worthan also argues his trial counsel was ineffective, in violation of the Sixth Amendment because she decided not to call Dr. Scolatti as a witness at trial. He also criticizes his counsel's efforts to verify the qualification of David Stube.

## I. Analysis of Worthan's claims

### a.

Worthan's first objection is that the prosecutor elicited hearsay evidence from expert witnesses. Worthan did not raise the issue in his petition. Nor does he identify what was said. District courts are not required to address new arguments raised in objections. See U.S. v. Howell, 231 F.3d 615, 621–622 (9th Cir.2000). A review of the record does not reveal prejudicial hearsay elicited by the prosecution. Because the issue was not raised in his petition, and because the allegation is non specific, this Court declines to exercise its discretion to consider the argument.

### b.

Worthan also repeats his argument that his attorney was ineffective because she did not call Dr. Scolatti as an expert witness. As Judge Lynch noted, Worthan did not present the claim in the state court, and therefore it is not properly exhausted. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Additionally, a review of Dr. Scolatti's 2003 report shows that his testimony may have been more damaging to Worthan than helpful. Dr. Scolatti found no motivation for the children to lie. Trial Tr. at 19:18-22. He also indicated that considering the children's ages and that each child made allegations, it would be

unlikely they were lying. Id. 18:15–19. Particularly damaging were Dr. Scolatti's comments regarding how young children would not know how to describe ejaculate without experiencing the substance. Id. at 19:9-11.

### c.

Worthan complains that his attorney should have conducted further investigation into the qualifications of their expert David Stube. Judge Lynch acknowledged the discovery that David Stube did not possess a Ph.D. was inopportune. Still, Worthan's attorney did not perform unreasonably under the circumstances. She interviewed Stube, and based on his representations concluded he was qualified to testify. She had no reason to further question Stube's credentials.

Additionally, Worthan is unable to show the prejudice required to succeed on an ineffective assistance of counsel claim. To be successful in his claim, Worthan must show a reasonable probability that, but for counsel's alleged error, he would have been acquitted. Strickland v. Wash., 466 U.S. 668, 694 (1984).

Based on the record, a jury would have convicted Worthan even if his attorney chose not to put Stube on the stand. And Worthan has not pointed the Court to any expert testimony that would undermine confidence in the jury's verdict. Worthan's attorney reported other experts did not have opinions

favorable to Worthan. Postconviction Hr'g Tr. at 32:13-15. As discussed earlier, Dr. Scolatti's testimony would have been damaging to Worthan's defense; it would not undermine confidence in the verdict. Even if Worthan located a favorable expert the evidence still weighed in favor of conviction.

## II. Motion for evidentiary hearing and to have counsel appointed

Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, neither discovery nor an evidentiary hearing is warranted. The case can and should be disposed of on legal grounds and the record before the Court. Consequently, Petitioner is not entitled to counsel. Additionally, the issues are not unusually complex, and Worthan has adequately communicated his claims.

Unfortunately for him, even with counsel he cannot succeed on the merits. Accordingly, counsel will not be appointed.

I find no clear error in Judge Lynch's remaining findings and recommendations. Therefore,

IT IS HEREBY ORDERED that the motion for an evidentiary hearing and for counsel to be appointed (dkt # 11) is DENIED.

IT IS FURTHER ORDERED that Judge Lynch's Findings and Recommendation (dkt # 8) are adopted in full. The Petition (dkt # 1) is DENIED on the merits.

The Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is DENIED.

Dated this 27 day of July, 2011.

Donald W. Molloy, District Judge
United States District Court